UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

ALLIED WORLD NATIONAL ASSURANCE COMPANY,

    Plaintiff,

v.

BURTON KATZ, BRENT LEVISON, ELISHA ROTHMAN,
CHRISTOPHER SHERMAN, ROBERT ZANGRILLO,
ARLENE MAHON, and ON POINT GLOBAL, LLC,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Allied World National Assurance Company ("Allied World"), by and through undersigned counsel, files this Complaint against Defendants, Burton Katz, Brent Levison, Elisha Rothman, Christopher Sherman, Robert Zangrillo, and Arlene Mahon, and alleges as follows:

### I.   NATURE OF THE ACTION AND RELIEF SOUGHT

1. Allied World seeks a judicial determination and declaration as to the parties' rights and obligations under the Side-A Directors & Officers Excess and Lead Difference-In-Conditions Policy No. 0311-3285, which Allied World issued to On Point Global, LLC for the **Policy Period**[1] of May 31, 2019 to May 31, 2020 (the "Allied World Side-A Policy"). A true and correct copy of the Allied World Side-A Policy is attached as *Exhibit A*.

---

[1] To the extent not otherwise defined herein, terms that appear **bold** are defined terms in the Allied World Side-A Policy and/or policy number EKS3294401(the "**Followed Policy**") issued by Scottsdale Insurance Company ("Scottsdale"). A true and correct copy of the **Followed Policy** is attached as *Exhibit B*.

2. Defendants, Burton Katz, Brent Levison, Elisha Rothman, Christopher Sherman, (collectively, the "**Insured Persons**") have sought coverage under the Allied World Side-A Policy in connection with the lawsuit styled *Federal Trade Commission v. On Point Global, LLC, et al.,* Case No. 19-cv-25046 (S.D. Fla.) (the "2019 FTC Action").[2]

3. The **Insured Persons** have sought coverage for the 2019 FTC Action under the Allied World Side-A Policy and maintain that coverage is available for the 2019 FTC Action under the Allied World Side-A Policy. *Exhibits I and L.* Allied World has denied coverage for the 2019 FTC Action. *Exhibit M.* Therefore, there is a clear, actual, present, and *bona fide* controversy relating to the parties' rights, duties, and obligations under the Allied World Side-A Policy.

4. Allied World seeks a declaratory judgment that: (i) there is no coverage available under the Allied World Side-A Policy for the 2019 FTC Action because the **Insured Persons** breached a May 3, 2018 Warranty and Representation Letter provided to Allied World (the "Warranty"); (ii) there is no coverage under the Allied World Side-A Policy for the 2019 FTC Action based upon the Pending or Prior Litigation Exclusion in the Allied World Side-A Policy; and (iii) the 2019 FTC Action seeks relief which does not constitute **Loss**, including disgorgement of ill-gotten gains from the **Insured Persons**, which is uninsurable, and "the cost of any remedial, preventative or other non-monetary relief, including without limitation any costs associated with compliance with any such relief of any kind or nature imposed by any judgment, settlement or governmental authority", and therefore indemnity coverage is not available under the Allied World Side-A Policy.

---

[2] Defendants Zangrillo and Mahon have not yet requested that Allied World defend and indemnify them in connection with the 2019 FTC Action. Zangrillo and Mahon are potentially **Insured Persons** under the Allied World Side-A Policy, and therefore Allied World has joined Zangrillo and Mahon as parties to ensure that the Court's judgment is binding upon them. To the extent Zangrillo and Mahon stipulate to be bound by the Court's judgment in this action, Allied World will dismiss them with prejudice from this action.

## II. PARTIES

5. Plaintiff, Allied World is a New Hampshire corporation with its principal place of business in New York. Allied World legally transacts insurance business in Florida and within this District.

6. Defendant, Burton Katz ("Katz"), is a resident and citizen of the Florida. Katz transacts or has transacted business in Florida and within this District.

7. Defendant, Brett Levison ("Levison") is a resident and citizen of Florida. Levison transacts or has transacted business in Florida and within this District.

8. Defendant, Elisha Rothman ("Rothman") is a resident and citizen of Florida. Rothman transacts or has transacted business in Florida and within this District.

9. Defendant, Christopher Sherman ("Sherman") is a resident and citizen of Florida. Sherman transacts or has transacted business in Florida and within this District.

10. Defendant, Robert Zangrillo ("Zangrillo") is a resident and citizen of Florida. Zangrillo transacts or has transacted business in Florida and within this District.

11. Defendant, Arlene Mahon ("Mahon") is a resident and therefore a citizen of Florida. Mahon transacts or has transacted business in Florida and within this District.

12. Defendant, On Point Global, LLC is a Delaware limited liability company with its principal place of business in Miami, Florida. On Point Global, LLC transacts or has transacted business in Florida and within this District. The members of Defendant, On Point Global LLC are Levison, Cardozo Holding, LLC, Bronco Family Holdings, LP, Mac Media, Ltd., and On Point Capital Partners. Cardozo Holding, LLC is a Nevis limited liability company with its principal place of business in Miami, Florida. Levison is the member, manager, and owner of Cardozo Holding, LLC. Bronco Family Holdings LP is a Bahamas partnership with its principal place of business in Miami,

Florida.  The partners in Bronco Family Holdings LP are Katz and his wife, Marjan Katz.  Both Katz and Marjan Katz reside in Miami, Florida.  Mac Media, Ltd. is a Belize corporation with its principal place of business in Miami, Florida.  On Point Capital Partners, LLC is a Delaware limited liability company with its principal place of business in Miami, Florida.  Defendant, Zangrillo is owner, member, and manager of On Point Capital Partners, LLC.[3]

### III.    JURISDICTION AND VENUE

13.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1), 2201, and 2202.

14.    There is complete diversity of citizenship between Allied World and the Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

15.    An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties concerning their respective rights, duties, and obligations under the Allied World Side-A Policy.

16.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue in this action occurred in this District, and the 2019 FTC Action is pending in this Court.  Moreover, Allied World issued the Allied World Side-A Policy to On Point Global, LLC, which maintains its principal place of business in this District.[4]

---

[3] According to the FTC, Katz, Zangrillo, Rothman, Sherman, and Levison use the members of On Point Global LLC (Bronco Family Holdings, On Point Capital Partners, Mac Media, and Cardozo Holdings) as holding companies to hold their interests in dozens of other corporate entities who are parties to the 2019 FTC Action. *Exhibit D*, ¶ 106, 107.

[4] The Allied World Side-A Policy does not provide entity coverage for On Point Global, LLC or any of the entity defendants named in the 2019 FTC Action.  Neither On-Point Global, LLC nor any of the entity defendants have requested that Allied World provide coverage to them in connection with the 2019 FTC Action.  However, as the Named Insured to the Allied World Side-A Policy, Allied World has named On Point Global, LLC as a party-defendant to this action in abundance of caution.

## IV. FACTUAL ALLEGATIONS

### A. The 2014 FTC Action

17. On or around June 16, 2014, the Federal Trade Commission ("FTC") filed an amended complaint in a lawsuit against Katz and other defendants in the United States District Court for the Southern District of Florida styled *Federal Trade Commission v. Acquinity Interactive, LLC, et al.,* Case No. 14-cv-60166 (the "2014 FTC Action"). [Case No. 14-cv-60166, D.E. 88].

18. In the 2014 FTC Action, the FTC's amended complaint alleged that Katz and other entities engaged in deceptive and unfair cramming on mobile phone bills. The FTC alleged that Katz and his operation tricked consumers into signing up for costly phone bill subscriptions through web sites that offered free merchandise in exchange for consumers' phone numbers. Katz's operation then enrolled the consumers in unwanted premium text messaging services that charged them monthly. The only mention of the charges appeared in separate hyperlinked pages or in small print and locations where consumers were unlikely to notice it. [Case No. 14-cv-60166, D.E. 88].

19. On October 16, 2014, to resolve the 2014 FTC Action, Katz entered into a Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief (the "2014 FTC Action Order"). [Case No. 14-cv-60166, D.E. 132]. A true and correct copy of the 2014 FTC Action Order is attached as *Exhibit C*.

20. The 2014 FTC Action Order prohibited Katz from making misrepresentations in the sale or advertisement of any good or service and also subjects Katz to ongoing compliance monitoring. *Exhibit C,* p. 3, 8.

### B. The 2019 FTC Action

21. On or around December 9, 2019, the FTC filed its Complaint for Permanent Injunction and Other Equitable Relief in the 2019 FTC Action against the **Insured Persons** and other defendants

in this Court (the "2019 FTC Complaint"). [Case No.19-cv-25046, D.E. 1]. A true and correct copy of the 2019 FTC Complaint is attached as *Exhibit D*.

22. The 2019 FTC Complaint alleges that "[s]ince at least 2013, the Defendants have operated websites that offer to conduct government transactions (for example, renewing a driver's license, obtaining a fishing license, or checking eligibility for Section 8 housing benefits)." *Exhibit D*, ¶ 109.

23. The 2019 FTC Complaint further alleges that "Defendants obtain consumers' personal data and credit card or debit card information" by promising these services. However, the FTC alleges that "[d]efendants' sites do not deliver the services they tout." Instead, the FTC alleges that the "Defendants offer consumers who complete a transaction a PDF of general, publicly available information about the service the consumer sought." *Exhibit D*, ¶¶ 110, 111.

24. The 2019 FTC Complaint alleges causes of action against the **Insured Persons** and other defendants for violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) based on: (1) Misrepresentations Related to Licensing and Motor Vehicle Services; and (2) Misrepresentations Related to Public Benefits Services. *Exhibit D*, ¶¶ 169 - 176.

25. The 2019 FTC Complaint requests that the Court: (1) award plaintiff preliminary injunctive and ancillary relief to avert the likelihood of consumer injury during the pendency of the action; (2) enter a permanent injunction to prevent future violations of the FTC Act; (3) award such relief to redress injury to consumers resulting from Defendants' violations of the FTC Act, including restitution, the disgorgement of ill-gotten monies, and other relief. *Exhibit D*, p. 46, ¶¶ A. - D.

26. On December 9, 2019, the FTC filed an *ex parte* Notice of Related or Similar Action in the 2019 FTC Action, in which the FTC asserts that the 2019 FTC Action is related to the 2014 FTC Action because the 2019 FTC Action "arises from the same deceptive online marketing scheme

that is the basis of the FTC's attached forthcoming contempt motion against Defendant Burton Katz in the [2014 FTC Action]." [Case No.19-cv-25046, D.E. 5]. A true and correct copy of the Notice of Related or Similar Action is attached as *Exhibit E*.

27. On December 13, 2019, the Court in the 2019 FTC Action issued an *ex parte* Temporary Restraining Order against On Point Global LLC and the **Insured Persons**. [Case No. 19-cv-25046, D.E.17].

28. On January 14, 2020, the Court issued an Order Granting the FTC's Motion for Preliminary Injunction. [Case No. 19-cv-25046, D.E. 126]. A true and correct copy of the Order for Preliminary Injunction is attached as *Exhibit F*. The Court's Order found, among other things, that:

> In numerous instances, Defendants misrepresented on their websites that they would provide government services (e.g., a driver's license, car registration, or eligibility determination for public benefits) to consumers who paid money and/or provided personal information;
>
> There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that Plaintiff is therefore likely to prevail on the merits of this action. The FTC has established a likelihood of success in showing that Defendants have deceived consumers by misrepresenting the services they offer, thus inducing consumers to pay money or divulge personal information under false pretenses.
>
> *Exhibit F*, p. 1-2.

29. On February 12, 2020, the FTC filed a Motion for an Order to Show Cause why Katz and Twelve Business Entities Should Not Be Held in Contempt in the 2014 FTC Action for the actions detailed in the 2019 FTC Action (the "Contempt Motion"). [Case No. 14-cv-60166, D.E. 135]. A true and correct copy of the Contempt Motion is attached as *Exhibit G*.

30. In the Contempt Motion, the FTC notes that "Burton Katz runs a sprawling online scheme that deceives consumers into providing money and their personal information." *Exhibit G*, p. 1.

31. In the Contempt Motion, the FTC argues that:

> Katz's actions [as detailed in the 2019 FTC Action] blatantly violate the 2014 stipulated order in this case. Specifically, this Court prohibited Katz from making misrepresentations in the marketing or sale of any goods or services to consumers … yet Katz continued to represent that he would deliver services that he never provided.
>
> ….
>
> Despite these restrictions, Katz continues to operate deceptive businesses, as detailed below. As in his prior scheme, he uses deceptive websites to lure consumers into giving up money and personal information.
>
> *Exhibit G*, p. 2-3.

32. On February 14, 2020, the Court in the 2014 FTC Action granted the Contempt Motion and entered an Order to Show Cause. [Case No. 14-cv-60166, D.E. 136].

C. **The Allied World Side-A Policy – Insuring Agreement**

33. Allied World issued the Allied World Side-A Policy to On Point Global, LLC for the May 31, 2019 to May 31, 2020 **Policy Period** with a Limit of Liability of $3,000,000 for all **Loss** under this Policy, including Defense Costs, excess of Total Underlying Limits of $5,000,000.

34. The Insuring Agreement of the Allied World Side A-Policy provides that:

> The **Insurer** shall pay on behalf of the **Insured Persons** the **Non-Indemnified Loss** incurred by the **Insured Persons** arising from any **Claim** first made during the **Policy Period** (or Extended Reporting Period, if applicable) against such **Insured Person** for any **Wrongful Act**; provided such **Claim** is reported to the **Insurer** in accordance with Clause 7 of this Policy.
>
> *Exhibit A*, Endorsement 4, p. 1.

35. Section 6 of the Allied World Side-A Policy provides, in relevant part, the following:

> Liability shall attach to the **Insurer** under this Policy only after the limits of liability of the **Underlying Policies** have been exhausted due to the payment of loss covered thereunder by any **Underlying Insurer**, any **Insured Person** or any other party. However, if an **Underlying Insurer** does not pay a **Non-Indemnified Loss** due to a **DIC Event**, this Policy shall, subject to its terms, conditions and exclusions, drop down and pay such **Non-Indemnified Loss** on behalf of the **Insured Person(s)** up to the Limit of Liability of this Policy.

*Exhibit A*, p. 10.

36. **Non-Indemnified Loss** means, in relevant part, "**Loss** incurred by an **Insured Person** for which the **Company** … : (i) is neither permitted, nor required, to indemnify or advance; or (ii) refuses, or is financially unable to advance". *Exhibit A*, p. 9 (w).

37. **Loss** does not include "matters uninsurable under the laws pursuant to which this **Policy** is construed", or "the cost of any remedial, preventative or other non-monetary relief, including without limitation any costs associated with compliance with any such relief of any kind or nature imposed by any judgment, settlement or governmental authority". *Exhibit B*, p. 3 of 10, 8.(c).

38. A **DIC Event** means, in relevant part, "refusal or denial of any **Underlying Insurer** to indemnify any **Insured Person** for any portion of the **Non-Indemnified Loss**." *Exhibit A*, p. 8.

39. The **Underlying Policies** include policy number EKS3294401 (the "**Followed Policy**") issued by Scottsdale with a limits of $5,000,000 . *Exhibit A*, p. 8 (t).

40. The Limit of Liability for the Allied World Side-A Policy is $3,000,000 aggregate for all **Loss** under this Policy, including Defense Costs, and attaches excess of the $5,000,000 limit of the **Followed Policy**. *Exhibit A*, Declarations.

D. <u>**Warranty and Representation Letter**</u>

41. By letter dated May 3, 2018, Allied World received a "Warranty and Representation Letter" (the "Warranty") from On Point Global, LLC. A true and correct copy of the Warranty is attached as *Exhibit H*.

42. The Warranty provided the following:

    WARRANTY AND REPRESENTATION LETTER

    As it pertains to the $3,000,000 excess of $5,000,000 limit of liability, the undersigned authorized officer(s) of On Point Global, LLC hereby represents and warrants, after inquiry of all the directors and officers of On Point Global, LLC and any of its subsidiaries, on behalf of himself/herself, On Point Global, LLC and subsidiary thereof and all such directors or officers that:

    (a) There has not been nor is there now pending any claim(s), suit(s) or action(s) (including but not limited to any investigation) against any person or entity proposed for insurance under the policy referenced above, except as follows: (Attach complete details. If no such claims, check here "none" √.)

    (b) No person or entity proposed for insurance under the policy referenced above has knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s) or action(s) under such proposed policy, except as follows: (Attach complete details. If they have no such knowledge or information, check here "none": √.)

    It is further understood and agreed that if such claim(s), suit(s) action(s), knowledge or information exists, then such claim(s), suit(s) or action(s) and any claim(s), suit(s) or action(s) arising from or related to such knowledge or information is excluded from coverage under the proposed policy referenced above.

    *Exhibit H*.

43. The **Insured** marked "none" in response to questions (a) and (b). *Exhibit H*.

44. With respect to question (a), the **Insured** warranted that "there has not been nor is there now pending any claim(s), suit(s) or action(s) (including but not limited to any investigation) against any person or entity proposed for insurance." *Exhibit H.*

45. With respect to question (b), the **Insured** warranted that "no person or entity proposed for insurance under the policy referenced above has knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s) or action(s) under such proposed policy." *Exhibit H.*

E. **Pending or Prior Litigation Exclusion**

46. Endorsement 2 of the Allied World Side-A Policy (the "Pending or Prior Litigation Exclusion") provides the following:

> **PENDING OR PRIOR LITIGATION EXCLUSION**
> **(All Litigation, Proceedings or Investigations)**
>
> It is understood and agreed that Clause 5, EXCLUSIONS, is amended by adding the following exclusion:
>
> This Policy shall not cover any **Loss** in connection with that portion of any **Claim** made against an **Insured Person** alleging, arising out of, based upon, or attributable to, or in consequence of, any pending and/or prior civil or criminal litigation, or administrative or regulatory proceeding or investigation, as of the **Pending or Prior Date** set forth below, and any matters arising out of such pending and/or prior litigation or proceeding or any fact, circumstance or situation underlying or alleged in such litigation or proceeding or investigation.
>
> **Pending or Prior Date: May 3, 2018**
>
> *Exhibit A,* Endorsement 2, p. 6 of 26.

F. **The Insured Persons tender the 2019 FTC Action to Scottsdale and Allied World**

47. On December 23, 2019, the **Insured Persons** requested that Scottsdale defend and indemnify the **Insured Persons** in connection with the 2019 FTC Action under the **Followed Policy**.

11

48. On December 23, 2019, the **Insured Persons** tendered the Complaint, the Temporary Restraining Order, and the Motion for Preliminary Injunction to Allied World and requested that Allied World defend and indemnify the **Insured Persons** in connection with the 2019 FTC Action under the Allied World Side-A Policy. *Exhibit I*.

49. On December 31, 2019, Scottsdale denied coverage for the 2019 FTC Action under the **Followed Policy.** *Exhibit J*.

50. On January 14, 2020, the Court entered an Order Granting the FTC's Motion for Preliminary Injunction in the 2019 FTC Action, which included an Asset Freeze. *Exhibit F*, p. 5-6.

51. On January 15, 2020, Scottsdale reiterated its denial of coverage for the 2019 FTC Action under the **Followed Policy**. *Exhibit K*.

52. On January 16, 2020, the **Insured Persons** advised Allied World that Scottsdale had denied coverage in letters dated December 31, 2019 and January 15, 2020, and asserted that Scottsdale's denials of coverage constitute a **DIC Event** under the Allied World Side-A Policy. The **Insured Persons** requested that the Allied World Side-A Policy drop down and pay **Non-Indemnified Losses** for the **Insured Persons**. *Exhibit L*.

53. On March 4, 2020, in light of Scottsdale's denial of coverage and the Asset Freeze, Allied World acknowledged that there is presently a **DIC Event** because there has been a "refusal or denial of any **Underlying Insurer** to provide coverage for any reason to any **Insured Person** for any portion of the **Non-Indemnified Loss**." *Exhibit M*.

54. Notwithstanding, on March 4, 2020, Allied World denied coverage for the 2019 FTC Action based in part on the breach of the Warranty and the Prior or Pending Litigation Exclusion. *Exhibit M*.

## COUNT I
## DECLARATION OF NO COVERAGE UNDER THE ALLIED WORLD SIDE-A POLICY BECAUSE THE WARRANTY BARS COVERAGE FOR THE 2019 FTC ACTION

55. Allied World realleges and incorporates by reference the allegations of paragraphs 1 through 54 as if fully set forth in this Count I.

56. With respect to question (a) of the Warranty, the **Insured** warranted that "there has not been nor is there now pending any claim(s), suit(s) or action(s) (including but not limited to any investigation) against any person or entity proposed for insurance."

57. At the time the Warranty was executed however, there was a prior suit - the 2014 FTC Action - against Katz, the founder, chairman and CEO of On Point Global, LLC, which was not disclosed to Allied World.

58. The **Insured** was required to, but did not, disclose the 2014 FTC Action to Allied World.

59. Therefore, the **Insured**'s answer of "none" to question (a) of the Warranty was false.

60. Because the 2019 FTC Action is "arising from or related to" the 2014 FTC Action and/or the 2014 FTC Action Order, the **Insured**'s breach of the Warranty results in no coverage for the 2019 FTC Action.

61. With respect to question (b) of the Warranty, the **Insured** warranted that "no person or entity proposed for insurance under the policy referenced above has knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s) or action(s) under such proposed policy."

62. At the time the Warranty was executed however, Katz did have "knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s) or action(s)," because Katz was engaged in the deceptive scheme that forms the basis of the 2019 FTC Action, Katz

13

had already been sued by the FTC once in connection with the 2014 FTC Action, and Katz had already entered into the 2014 FTC Action Order that required Katz to submit certifications that he was not engaged in such deceptive practices.

63. The **Insured**'s answer of "none" to question (b) of the Warranty was false.

64. The 2019 FTC Action is "arising from or related to such knowledge or information" because Katz is a defendant in the 2019 FTC Action and, as the chairman and CEO of the company, is allegedly the central player and orchestrator of the scheme.

65. Therefore, there is no coverage available for the 2019 FTC Action based on the Insured's false response to question (b) of the Warranty.

66. Accordingly, Allied World is entitled to a declaration that the Allied World Side-A Policy does not provide coverage in connection with the 2019 FTC Action pursuant to the Warranty.

**COUNT II**
**DECLARATION OF NO COVERAGE UNDER THE ALLIED WORLD SIDE-A POLICY BECAUSE THE PENDING OR PRIOR LITIGATION EXCLUSION BARS COVERAGE FOR THE 2019 FTC ACTION**

67. Allied World realleges and incorporates by reference the allegations of paragraphs 1 through 54 as if fully set forth in this Count II.

68. The Pending or Prior Litigation Exclusion bars coverage "for any **Loss** in connection with that portion of a **Claim** made against an **Insured Person** alleging, arising out of, based upon, or attributable to, or in consequence of, any pending and/or prior civil or criminal litigation, any pending and/or prior civil or criminal litigation, or administrative or regulatory proceeding or investigation, as of [May 3, 2018], and any matters arising out of such pending and/or prior litigation or proceeding or any fact, circumstance or situation underlying or alleged in such litigation or proceeding or investigation."

14

69. The FTC alleges that the 2019 FTC Action is related to the 2014 FTC Action because the 2019 FTC Action arises from the same deceptive online marketing scheme that is the basis of the 2014 FTC Action.

70. According to the FTC, at the time that Katz stipulated to the 2014 FTC Action Order he was already violating it through his principal role in the scheme alleged in the 2019 FTC Action.

71. The FTC alleges that by virtue of the allegations in the 2019 FTC Action, Katz has violated the 2014 FTC Action Order.

72. Therefore, the 2019 FTC Action is alleging or arising out of the 2014 FTC Action and/or "any fact, circumstance or situation underlying or alleged in" the 2014 FTC Action (i.e., the 2014 FTC Action Order).

73. Accordingly, there is no coverage available for the 2019 FTC Action based on Pending or Prior Litigation Exclusion.

74. Allied World is entitled to a declaration that the Allied World Side-A Policy does not provide coverage in connection with the 2019 FTC Action pursuant to the Pending or Prior Litigation Exclusion.

**COUNT III**
**DECLARATION OF NO INDEMNITY COVERAGE**

75. Allied World realleges and incorporates by reference the allegations of paragraphs 1 through 54 as if fully set forth in this Count III.

76. The Allied World Side-A Policy only provides coverage for **Non-Indemnified Loss**, which must be **Loss** in the first instance.

77. **Loss** does not include "matters uninsurable under the laws pursuant to which this **Policy** is construed", or "the cost of any remedial, preventative or other non-monetary relief, including

15

without limitation any costs associated with compliance with any such relief of any kind or nature imposed by any judgment, settlement or governmental authority".

78. The 2019 FTC Action seeks injunctive relief, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

79. Disgorgement is uninsurable under Florida law.

80. Accordingly, Allied World is entitled to a declaration that there is no indemnity coverage in connection with the 2019 FTC Action.

WHEREFORE, Allied World respectfully requests:

A. As to Count I, that the Court declare that the Allied World Side-A Policy affords no coverage for any **Insured Person** in connection with the 2019 FTC Action because the Warranty bars coverage.

B. As to Count II, that the Court declare that that the Allied World Side-A Policy affords no coverage for any **Insured Person** in connection with the 2019 FTC Action because the Prior and Pending Litigation Exclusion bars coverage.

C. As to Count III, that the Court declare that the Allied World Side-A Policy affords no indemnity coverage for the 2019 FTC Action.

D. That the Court award Allied World any further relief this Court deems appropriate.

Respectfully submitted,

**KENNEDYS LLP**
*Attorneys for Allied World National Assurance Company*

*/s/ Josh Levy*
Josh Levy
Fla. Bar No.: 668311
Kennedys LLP
1395 Brickell Avenue
Suite 640

Miami, FL 33131
Tel: (305) 371-1111
Fax: (305) 374-8066
Email: josh.levy@kennedyslaw.com
Email: greter.medina@kennedyslaw.com

Matthew J. Lodge
*Pro hac vice pending*
Kennedys LLP
120 Mountain View Boulevard
Basking Ridge, NJ 07920
Tel: (908) 605-2903
Fax: (908) 647-8390
Email: maurice.pesso@kennedyslaw.com

Date:   March 4, 2020